The opinion of the court was delivered by
Tilghman, C. J.
This is an ejectment for two hundred and fourteen acres of land, lying west of the Allegheny river, brought by Mam Albert, the plaintiff below, against James Riddle, the plaintiff in error. The plaintiff claimed under a warrant for four hundred acres of land to Robert Elder, dated to March, 1794, on which a survey was made of three hundred and fourteen acres and eighty-five perches, including the land in dispute, on the 28th of May, 1795. A regular chain of title to this warrant and survey was deduced from the warrantee down to the plaintiff, but no part of the land had been settled, nor any patent obtained by the plaintiff, or those under whom he claimed.
The defendant gave in evidence a settlement, under which he made title, sometime in the year 1798 or 1799; and offered in evidence a warrant to himself, dated the 25th of March, 1818, a survey on the 13th of April, 1818, and a patent on the 13th of May, ISIS; to the evidence of which warrant, survey, and patent, the plaintiff objected, and the court rejected it. The defendant relied also on the act of limitations, and gave parole evidence in support of that defence. The reason for rejecting the defendant’s evidence was, that although the plaintiff had not complied with the terms of settlement imposed by the act of the 3d of April, 17.92, under which his warrant was issued, yet it was necessary for the defendant to take out a vacating warrant before he could affect the plaintiff’s title. Whether the defendant’s title would have been good, on the disclosure of all the circumstances of his case, is not now to be decided; but surely he had a right to show, that the legal title had been granted to him by the commonwealth. This has always been the course of proceeding, and, when all the evidence *345 has been given on each side, it is for the court and jury to decide whether the legal estate granted by the patent shall yield to the equitable right of the adverse party. There was error, therefore, ir» rejecting the defendant’s evidence, for which the judgment must be reversed. I think it proper to suggest to the defendant’s counsel, that when the cause comes to trial again, it may be very material to produce the survey, which I presume was obtained by ¿¡dam Gilleland, under whom the defendant claims, when first he entered on the land for the purpose of making a settlement. It appears, from the evidence in this cause, that although the said ¿¡dam 'Gilleland made inquiry at the office of the deputy surveyor of the county, no information could be obtained of any warrant and survey, appropriating the land on which he was about to settle. On the contrary, the deputy surveyor assured him there had been no appropriation; and whether, under such circumstances, a vacating warrant was essential, is a point worthy of consideration.
The judgment is to be reversed, and a 'venire de novo awarded.